Walter E. MICHAELS, Appellant,

v.

PEOPLE of the STATE OF CALI-
FORNIA, Appellee.

No. 13832.

United States Court of Appeals
Ninth Circuit.

Nov. 9, 1954.

Rehearing Denied Dec. 17, 1954.

Walter E. Michaels, Los Angeles, Cal.,
in pro. per.

Roger Arnebergh, City Atty., Donald
M. Redwine, Asst. City Atty., William E.
Still, Deputy City Atty., Los Angeles,
Cal., for appellee.

Before STEPHENS, FEE, and
CHAMBERS, Circuit Judges.

PER CURIAM.

The above entitled matter appears
from the transcript on appeal to consist
of a petition on behalf of Walter E.
Michaels to have the district court make
an order removing a criminal case pend-
ing against him in the "Los Angeles Mu-
nicipal Court, Division 27, of the City of
Los Angeles, State of California," to the
United States District Court.

The district court denied the petition
"on the ground that said petition is
frivolous and is not within the purview
of sections 1441 [1] and 1443 [2] of Title 28,

1. Title 28 U.S.C.A. § 1441: "Actions re-
movable generally

"(a) Except as otherwise expressly
provided by Act of Congress, any civil
action brought in a State court of which
the district courts of the United States
have original jurisdiction, may be re-
moved by the defendant or the defendants,
to the district court of the United States
for the district and division embracing
the place where such action is pending.

"(b) Any civil action of which the dis-
trict courts have original jurisdiction
founded on a claim or right arising un-
der the Constitution, treaties or laws of
the United States shall be removable
without regard to the citizenship or resi-
dence of the parties. Any other such
action shall be removable only if none
of the parties in interest properly joined
and served as defendants is a citizen of

the State in which such action is brought.

"(c) Whenever a separate and inde-
pendent claim or cause of action, which
would be removable if sued upon alone, is
joined with one or more otherwise non-
removable claims or causes of action, the
entire case may be removed and the dis-
trict court may determine all issues there-
in, or, in its discretion, may remand all
matters not otherwise within its original
jurisdiction." June 25, 1948, c. 646, 62
Stat. 937.

2. Title 28 U.S.C.A. § 1443: "Civil rights
cases

"Any of the following civil actions or
criminal prosecutions, commenced in a
State court may be removed by the de-
fendant to the district court of the United
States for the district and division em-
bracing the place wherein it is pending:

U.S.Code." Michaels filed a notice of appeal.

The petition is not based upon any complaint filed in the district court and it is obvious that the sections of the United States Code relied upon have no application to the relief sought. Assuming that the matter was one in which the district court had jurisdiction to enter a judgment, which we think is highly doubtful, we find no clear error in it.

■ At the oral argument of petitioner he presented five instruments and the court reserved ruling. As they appear to have no legal relation to the appeal, filing of them is hereby denied. The instruments will be marked "Denied filing" and retained by the clerk until and unless Michaels requests their return. The instruments are entitled as follows:

(1) "Petition for Removal". This petition appears to be an original petition addressed to this court.

(2) "Motion to Appeal Extra Judgments" (Rec. Mar. 19, 1954, O'Brien, Clerk) and "Motion to Appeal Extra Judgments" (Rec. Aug. 30, 1954, O'Brien, Clerk). This instrument appears to request the judgment below to include or relate to other cases filed in the State court.

(3) "Motion for Writ of Certiorari". This motion appears to request this court to order removed to the clerk of the court "to remain temporarily, for about 10 days" the record and proceedings in the cases in the Municipal Court.

(4) "Motion for Discovery" (from City of Los Angeles police employee #3776). "Motion for Discovery" (from Judge Robert Clifton). This motion appears to request a named judge of the Municipal Court to answer in regard to discoveries allegedly made by Michaels.

(5) "Motion for Finding of Fact". In this motion, Michaels requests us to

order the judge of the district court to make a finding of "specific facts" upon which he found the Michaels' petition frivolous.

■ Petition dismissed.

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." June 25, 1948, c. 646, 62 Stat. 938.