STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RICHARD P. BROWNE, DEFENDANT-APPELLANT.

Argued October 6, 1964—Decided November 2, 1964.

322

[redacted]

*Mr. Archibald Kreiger* argued the cause for plaintiff-respondent (*Mr. John G. Thevos,* Passaic County Prosecutor, attorney).

*Mr. John A. Pindar* argued the cause for defendant-appellant (*Messrs. Pindar, McElroy, Connell & Foley,* attorneys).

The opinion of the court was delivered by

HANEMAN, J. The Passaic County grand jury returned four indictments against defendant for false swearing. The charges arose from testimony given by him before a prior grand jury investigating an alleged criminal libel which occurred during a political campaign which antedated the investigation by more than a year. The indictments each quoted a portion of defendant's testimony and predicated the falsity upon contradictory testimony subsequently given before the same grand jury by other witnesses.

In answer to a demand for a bill of particulars seeking the exact statements which allegedly constituted the crime, the State repeated the quoted testimony in full. Defendant

thereupon moved to dismiss the indictments upon the ground that they failed to "state facts sufficient to constitute a crime against the State of New Jersey." The motion was denied and an appeal by leave was taken to the Appellate Division, where the denial was affirmed in an unreported opinion. Defendant's motion for leave to appeal to this Court pursuant to *R. R.* 1 :2–3 was granted.

 *N. J. S.* 2A :131–4 states that "[a]ny person who willfully swears falsely * * * is guilty of * * * a misdemeanor." This is elaborated in *N. J. S.* 2A :131–7, which provides: " 'Willful' shall, for the purposes of this article, be understood to mean intentional and knowing the same to be false." The test for ascertaining whether a witness is guilty of intentionally and knowingly giving false testimony is necessarily subjective. A prerequisite of a finding of intentional false testimony is the meaning ascribed by the accused to the words employed in his answer to the question. Thus the connotation of the words of the answer are inseparably intertwined with the meaning of the question, for the meaning of the answer can be ascertained only by a knowledge of the impact of the question which elicited that answer. Ordinarily the meaning ascribed by an accused to his statement is not in doubt where the words or phrases of the question and answer have a clear, accepted and recognized meaning. Where, however, the words of the question are subject to varying, contradictory or confusing interpretations, to force an accused to go to trial for his answer would constitute an open invitation for the jury to substitute, by conjecture, its understanding of the meaning of the question and of the answer in relation thereto. An indictment reciting such ambiguous interrogation does not charge the crime of false swearing. See *United States v. Diogo,* 320 *F.* 2d 898 (2 *Cir.* 1963); *United States v. Rose,* 215 *F.* 2d 617 (3 *Cir.* 1954); *United States v. Lattimore,* 127 *F. Supp.* 405 (*D. D. C.* 1955); *State v. Doto,* 16 *N. J.* 397 (1954).

The quoted questions here propounded by the State were too equivocal to alert the defendant to the particular informa-

tion sought. They were, in fact, so vague and ambiguous as to be misleading. Absent further questions to clarify the nature of the interrogation and the specific subject about which defendant was being interrogated, it is unclear what he was called upon to elucidate. Also, in the peculiar circumstances of this indictment, the antecedent qualification which defendant sought to make before answering, *i. e.*, "I imagine," and the subsequent qualification with which the prosecutor introduced his questions, *i. e.*, "Don't imagine. Tell us to your best recollection," also tended to create an atmosphere which dulled rather than sharpened the thrust of the State's inquiry.

Reversed.

HALL, J., concurring in result.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.